# 98 DTA 189

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I- SAN JUAN
## PANEL IV

EL PUEBLO DE PUERTO RICO
Recurrido

v.

EUGENIO GONZALEZ CARDONA
Peticionario

Núm. KLCE-98-00322

San Juan, Puerto Rico, a 21 de abril de 1998

Panel integrado por su presidente, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

## TEXTO COMPLETO DE LA RESOLUCION

El 2 de abril de 1998, el peticionario Eugenio González Cardona *("González"),* presentó una Petición de *Certiorari* ██ retando la resolución del Tribunal de Primera Instancia dictada en corte abierta el 10 de marzo de 1998.

*"ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA EXCLUSION EN EVIDENCIA DE LOS COMPROBANTES DE RETENCION PROVISTOS POR LA FISCALIA POR NO GOZAR DE PRIVACIDAD NI PRIVILEGIO ALGUNO."*

Dicho en otra forma, González arguye que fue un error permitir en evidencia los comprobantes de retención que le fueron sometidos al Departamento de Hacienda por la empresa, Thomas & Betts Caribe Inc., en Vega Baja, Puerto Rico. González arguye, además, que aunque esos récords eran parte de los récords del Departamento de Hacienda, los mismos tienen carácter de confidencialidad y, por lo tanto, no deben ser admitidos en evidencia.

En su resolución, el tribunal recurrido explicó:

*"En cuanto al planteamiento sobre la W-2, Comprobante de Retención, que tenía el patrono en sus récords, el planteamiento de ilegalidad no procede porque obviamente siendo parte [de los récords de] el Depto. de Hacienda, no puede reclamar el imputado que era confidencial en cuanto a Hacienda se refiere. Por lo tanto, se declara NO HA LUGAR."*

González, sin embargo, insiste ante nos que los comprobantes de retención, al igual que los récords que los patronos conservan sobre sus empleados, deben tener el carácter de confidencialidad, y no deben ser admitidos en evidencia.

En su escrito, González no cita ningún estatuto, jurisprudencia o autoridad en apoyo de su tesis. Lo que sí cita es un número de leyes federales que apoyan su posición de que los récords de un empleado en posesión de un patrono, pueden tener el carácter de confidencialidad en cuanto a terceros. Ahora bien, es obvio que en cuanto a los récords de un contribuyente que está o pueda estar sujeto a una investigación por violación a las leyes de contribución, el contribuyente no puede tener ninguna expectativa de privacidad en cuanto a los récords que ya tiene el Departamento de Hacienda en su posesión. El propio contribuyente sabe o debe saber que, por mandato de ley, el patrono está obligado a enviarle al Departamento de Hacienda el comprobante de retención. Por lo tanto, no puede el contribuyente alegar sorpresa.

Próximo, arguye González que no se presentó el original del comprobante y que bajo la Regla 69, Reglas de Evidencia, 32 L.P.R.A. Ap. IV, se debe excluir por no haberse presentado el original. No le asiste la razón. La Regla 73, Reglas de Evidencia, claramente instruye:

*"Un duplicado es tan admisible como el original a no ser que surja una genuina controversia en torno a la autenticidad del original o que, bajo las circunstancias del caso, sea injusto admitir el duplicado en lugar del original."*

El mismo señalamiento de error que González presenta ante nos hoy, fue rechazado por el Tribunal Supremo en el caso de *Pueblo v. Ramos Miranda,* \_\_\_ D.P.R. \_\_\_ (10 de abril de 1996), **96 J.T.S. 51**, a la pág. 958, al resolver que el duplicado de un documento bajo la Regla 73, es admisible, a menos que se presente prueba de una genuina controversia sobre la autenticidad de la copia.

Por las razones expuestas, se declara Sin Lugar la Petición de *Certiorari.*

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau<br>
Secretaria General

**ESCOLIO 98 DTA 189**

**1.** Dicha petición fue entregada a este Panel el 16 de abril de 1998 a las 3:00 P.M.